IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Michelle Laducer, | ) | Case No. 1:13-cr-057 |
| | ) | |
| Defendant. | ) | |

-------------------------------------------------------------------------------------------------------------------

Before the Court is the Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on June 27, 2022.  See Doc. No. 76.  The Government filed a response in opposition to the motion on July 14, 2022.  See Doc. No. 79.  For the reasons set forth below, the motion is denied.

I.      BACKGROUND

Laducer was arrested, via criminal complaint, on March 3, 2013.  A multi-count indictment was filed against Laducer on March 26, 2013 charging multiple sex offenses.  See Doc. No. 10.  On June 17, 2013, Laducer pled guilty to one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e) and one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(b) and (e).  On September 23, 2013, the Court sentenced Laducer to 360-months of imprisonment and a lifetime of supervised release.  See Doc. No. 47.  No appeal was taken.

On June 27, 2022, Laducer filed the instant motion to reduce sentence citing her medical problems and  the COVID-19 pandemic as extraordinary and compelling reasons justifying release. See Doc. No. 76.  The Government argues a reduction of Laducer's sentence is not warranted because she has not demonstrated an extraordinary or compelling reason and the Section 3553(a) factors weigh

against release.  Laducer is incarcerated at Carswell FMC in Fort Worth, Texas.  Laducer, now age 47, has served approximately 90 months of her 360-month sentence and has a projected release date of November 20, 2038.

## II.   LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  It is undisputed the Defendant has exhausted her administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement.  See 18 U.S.C. § 3582(c)(1)(A).  There is no right to counsel in Section 3582(c) proceedings.  United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  Nor is there a right to a hearing.  See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).  It should also be noted that the CARES Act does not provide the Court with any expanded authority to grant a motion to reduce sentence under 18 U.S.C. § 3582(c).  See CARES Act, Pub. L. No. 116-136, 134 Stat 281 (2020).

Prior to the passage of the First Step Act in 2018, district courts could only grant

compassionate release sentence reductions based upon a motion filed by the director of the BOP.

Such motions were rarely filed.  This all changed when the President signed the First Step Act into

law on December 21, 2018.  The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
>>> **(i)** extraordinary and compelling reasons warrant such a reduction;
>>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The

Sentencing Commission's policy statement can be found at Section 1B1.13 of the 2021 Sentencing

Guidelines Manual.  The policy statement requires a finding that a claimant meets three requirements:

1) extraordinary and compelling reasons warrant the reduction; 2) the defendant is not a danger to the

community; and 3) the reduction follows the Sentencing Commission's policy statement.  USSG §

1B1.13.  However, the policy statement pertains to the old law rather than the new law and thus is of

questionable applicability.  See <u>United States v. Beck</u>, No. 1:13-CR-186-6, 2019 WL 2716505, at *6

(M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does

not control the district court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction.).  This Court agrees that the Sentencing Commission's existing policy statement provides only limited guidance.  See United States v. Fox, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1.    **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A)    **Medical Condition of the Defendant**.--

        (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii)    The defendant is–

            (I)    suffering from a serious physical or medical condition,

            (II)    suffering from a serious functional or cognitive impairment, or

            (III)    experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B)    **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)    **Family Circumstances**.--

> > (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> > (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (D)    **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2.    **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3.    **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4.    **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

    This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5.    **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See USSG § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

Laducer's primary contention is that she has a number of health issues that make her more vulnerable to COVID-19 and developing serious complications as a result. Laducer contends she suffers from hypertension, blood clotting disease, cystic breast disease, asthma, major depressive disorder, atrial fibrillation, hernia, bulging disc in lower back, IBC-C, chronic knee problems, acid reflux, foot problems, and psoriasis. Laducer has been vaccinated against COVID-19.

The COVID-19 pandemic, which poses a threat to every person in the country, does not, in and of itself, provide a basis for a sentence reduction. As the Third Circuit Court of Appeals recently commented, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In *United States v. Gater*, the Eighth Circuit Court of Appeals found the district court did not misapply Section 3582(c)(1)(A) or abuse its discretion in denying the defendant's motion for compassionate release due to COVID-19. No. 20-2158, slip op. at 4 (8th Cir. May 24, 2021). The Eighth Circuit stated:

> "The substance of the district court's order demonstrates that the court found Gater did not have any 'major' medical issues and the mere possibility of contracting COVID-19 in prison, alone, without a showing that the BOP is unwilling or unable to guard against or treat the infection does not meet the extraordinary or compelling standard to warrant a sentence reduction."

Id. The defendant in *Gater* disagreed with the district court's analysis that COVID-19 is not an

extraordinary and compelling reason to warrant a sentence reduction.  The Eighth Circuit noted

Gater's care level in prison "demonstrates no particularized susceptibility to COVID-19.  Id.  See also,

United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) (noting "[f]ear of COVID doesn't

automatically entitle a prisoner to release" and affirming denial of compassionate release request to

otherwise healthy defendant who had two, well-controlled, chronic medical conditions).  The threat

of contracting COVID-19 in the prison environment "is not by itself sufficient reason to modify a

lawfully imposed prison sentence."  United States v. Marcussen, 15 F.4th 855, 858 (8th Cir. 2021).

District courts have concluded similarly.  See United States v. Eberhart, Case No.

13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (A general concerns about possible

exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a

reduction in sentence).  This does not mean that COVID-19 is not relevant to the Court's totality of

circumstances analysis when considering a motion for reduction of sentence.  All factors must be

considered.  COVID-19 is an extremely dangerous illness.  It has caused more than **1,000,000** deaths

in the United States to date along with severe societal and economic disruption.  In response to the

pandemic, the BOP has taken significant measures to protect the health of the inmates in its charge

including working with the United States Centers for Disease Control to minimize the risk of COVID-

19 transmission with its facilities.  The risk of infection is very real, both within BOP facilities and

in society in general.  Release from prison does not abate the risk.

The Court notes Laducer has been vaccinated and commends her for taking advantage of the

opportunity for vaccination.  While sympathetic to Laducer's concerns regarding the presence of

COVID-19 in the federal prison system and her health problems, the Court does not find that her

circumstances clear the high bar necessary to warrant a sentence reduction.  The medical records

establish Laducer is receiving appropriate treatment and medication for her health problems.  All of

her health concerns are being properly managed by BOP medical staff and the fear of contracting COVID-19 is not by itself sufficient reason to to reduce her sentence. Laducer has not provided any evidence that she is not able to provide self-care while incarcerated. Her situation is not unique and does not rise to the level of "extraordinary and compelling reasons" as contemplated by Section 3582(c)(1)(A)(i).

In addition, Laducer's convictions for the sexual exploitation of minors leads the Court to conclude that she may be a danger to the public if released. The Court concludes the Section 3553(a) factors weigh against any sentence reduction.

The Court has carefully reviewed the entire record and concludes Laducer has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

## III.     CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 76) is **DENIED**.

   **IT IS SO ORDERED**.

Dated this 20th day of September, 2022.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court