IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Michelle Laducer, | ) | Case No. 1:13-cr-057 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(2), filed on March 18, 2024. See Doc. No. 83. The Government filed a response in opposition to the motion on April 15, 2024. See Doc. No. 86. For the reasons set forth below, the motion is denied.

**I.     BACKGROUND**

The Defendant was arrested, via criminal complaint, on March 3, 2013. A multi-count indictment was filed against the Defendant on March 26, 2013 charging multiple sex offenses. See Doc. No. 10. On June 17, 2013, the Defendant pled guilty to one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e) and one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(b) and (e).

The Presentence Investigation Report ("PSR") calculated a total offense level of 43. See Doc. 41, ¶ 43. The Defendant had zero scorable criminal history points. See Doc. No. 41, ¶ 47. With zero criminal history points she fell into criminal history category I. See Doc. No. 41, ¶ 47. An offense level of 43 and criminal history category I yields an advisory Sentencing Guideline range of life. See Doc. No. 41, ¶ 95. However, with a statutory maximum of 30 years on each count, the Guideline

Range was 720 months.  See Doc. No. 41, ¶ 95.  The charges to which the Defendant pled guilty carried a mandatory minimum sentence of 10 years.  See Doc. No. 41, ¶ 94.  On September 23, 2013, the Court the Court adopted the PSR without change and sentenced Laducer to 360-months of imprisonment and a lifetime of supervised release.  See Doc. No. 47.  No appeal was taken.

On March 18, 2024, the Defendant filed a *pro se* motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 contending she was a zero point offender under Part B of Amendment 821 and thus she should receive a sentence reduction.  See Doc. No. 83.  The Government filed a response in opposition to the motion contending Amendment 821 did not alter the Defendant's advisory Sentencing Guideline range and thus no sentence reduction is warranted.  See Doc. No. 86.  The Defendant is serving her sentence at Carswell FMC in Fort Worth, Texas.  Her projected release date is November 20, 2038.

## II.  LEGAL DISCUSSION

Under the federal sentencing scheme, sentence modifications are available under very limited circumstances.  One circumstance in which a sentence reduction is permitted is when the applicable Sentencing Guideline range has been lowered by the Sentencing Commission and it makes the amendment retroactive.  See 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) of Title 18 of the United States Code provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable Sentencing Commission policy statement provides as follows:

(a) AUTHORITY.--

    (1) IN GENERAL.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

    (2) EXCLUSIONS.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–

        (A) none of the amendments listed in subsection (d) is applicable to the defendant; or

        (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

    (3) LIMITATION.--Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) DETERMINATION OF REDUCTION IN TERM OF IMPRISONMENT.--

    (1) IN GENERAL--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

    (2) LIMITATION AND PROHIBITION ON EXTENT OF REDUCTION.--

        (A) LIMITATION.--Except as provided in subdivision (B), the

3

                    court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

          (B)    EXCEPTION FOR SUBSTANTIAL ASSISTANCE.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

          (C)    PROHIBITION.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c)    CASES INVOLVING MANDATORY MINIMUM SENTENCES AND SUBSTANTIAL ASSISTANCE.--If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

(d)    COVERED AMENDMENTS.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

(e)    SPECIAL INSTRUCTIONS.--

          (1)    The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.

          (2)    The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.

U.S.S.G. 1B1.10.

In *Dillon v. United States*, the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. 560 U.S. 817 (2010). The Supreme Court instructed that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission" and Section 1B1.10 instructs the district court to "substitute the amended Guidelines range while leav[ing] all other guideline application decisions unaffected." Id. at 821 (internal quotations omitted). The Supreme Court set forth a two-step approach to apply:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Dillon, 560 U.S. at 827

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines took

effect, pursuant to the Sentencing Commission's authority under 28 U.S.C. § 994(o). The amendment applies retroactively. Amendment 821 has three parts and several subparts: Part A pertains to "Status Points;" Part B pertains to "Zero-Point Offenders;" and Part C pertains to "Simple Possession of Marihuana Offenses."

In Part B Subpart 1 of Amendment 821 to the United States Sentencing Guidelines, the United States Sentencing Commission added what now appears in Section 4C1.1, providing a 2- offense-level reduction for certain offenders who have zero criminal history points. The new provision provides as follows:

**Adjustment for Certain Zero-Point Offenders**

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

   (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

   (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

   (3) the defendant did not use violence or credible threats of violence in connection with the offense;

   (4) the offense did not result in death or serious bodily injury;

   (5) the instant offense of conviction is not a sex offense;

   (6) the defendant did not personally cause substantial financial hardship;

   (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

   (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

   (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

      (10)    the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels

U.S.S.G. § 4C1.1.

There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon, 560 U.S. at 827-28 (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

In this case, the Defendant does not qualify for a sentence reduction under Part B of Amendment 821 even though she had zero criminal history points. To qualify for a 2-level offense level reduction, a defendant with zero criminal history points must satisfy all ten of the qualifying criteria listed in U.S.S.G. § 4C1.1. The Defendant cannot satisfy this requirement because she does not meet the criterion listed in U.S.S.G. § 4C1.1(a)(5), that "the instant offense of conviction is not a sex offense." Section 4C1.1(b)(2) defines "sex offense," as relevant here, as "(A) an offense, perpetrated against a minor, under . . . (ii) chapter 110 of title 18, not including a recordkeeping offense." The Defendant's convictions—18 U.S.C. § 2251(a) and (e) (Count One) and 2251(b) and (e) (Count Three)—fall within chapter 110 of title 18, and the victim was a minor. Because the Defendant committed a sex offense under U.S.S.G. § 4C1.1(a)(5), she is not considered a zero-point offender under U.S.S.G. § 4C1.1 and is ineligible for a sentence reduction under Part B of Amendment 821.

Having determined the Defendant is not eligible for a sentence reduction, the Court need not address the Section 3553(a) factors. The Court has carefully reviewed the entire record and concludes

the Defendant has failed to demonstrate she is entitled to a sentence reduction. See <u>United States v. Jones</u>, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

### III.   CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 86) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of June, 2024.

>  */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court